In re WOODLAND HILLS VILLAGE DEVELOPMENT CORPORATION, Debtor.

OLNEY TOWN CENTER DEVELOPMENT CORPORATION, Movant,

v.

WOODLAND HILLS VILLAGE DEVELOPMENT CORPORATION, Respondent.

Bankruptcy No. 85–A–1493.
Motion No. 85–M–0794.

United States Bankruptcy Court,
D. Maryland
at Rockville.

Oct. 2, 1985.

Lawrence Gebhardt, Baltimore, Md., for debtor/respondent.

Charles Tatelbaum, Baltimore, Md., for movant.

SUPPLEMENTAL MEMORANDUM

PAUL MANNES, Bankruptcy Judge.

The court in passing its decision in open court stated its findings of fact and conclusions of law. To accompany that finding, the court has prepared this supplemental

memorandum to cover one item that may have not been particularly clear. The court awarded interest from September 29, 1985, forward. The court is not unmindful of the following language of the recent Fourth Circuit case of *Grundy National Bank v. Tandem Mining Corp.*, 754 F.2d 1436, 1441 (4th Cir.1985):

> We also consider the beginning period for the computation of interest. Interest should not begin any earlier than the time that the creditor petitions for relief from the automatic stay. Even then the timing of interest should be postponed to take account of the time that would be consumed in repossession and sale of the collateral. *Id.* at 435 n. 12. [*In re American Mariner Industries, Inc.*, 734 F.2d 426 (9th Cir.1984) ]

If the *Grundy Bank* case were followed strictly, then the court would be left with the exercise of attempting to guess under state law how much time it would take in the instant case to conclude the sale under a deed of trust commencing on August 29, 1985, and the required advertisements under Maryland law and the required time to obtain ratification of the sale after hearing any and all objections.[1] *See generally*, subtitle W., *Foreclosure of Mortgages and Other Security Devices*, Maryland Rules (1985 repl. vol.).

The instant bankruptcy case was filed some forty minutes before the scheduled foreclosure of the subject property on Monday, August 26, 1985. To permit the avoidance of paying interest on an undersecured real estate mortgage or deed of trust merely by the filing of the barest bones of a petition and list of creditors, thus avoiding the payment of interest until long after the successful conclusion of a motion brought under 11 U.S.C. § 362, is a gross abuse of the bankruptcy process. The court assumes that the *Grundy Bank* case allows for the obvious exception of permitting interest from the date of the interrupted sale. To do otherwise would cause this creditor the loss of not only interest but the costs attendant to the second sale.

The abuses of the situation described are particularly clear here where the two creditors of the debtor listed in the original petition were the movant here and a second creditor that in fact was an entity owning more than 20% of the outstanding voting stock. After the filing of this motion to terminate the stay, the debtor in possession did file a line in which it added five additional creditors.

The future of this case was described in a hearing on the motion to terminate the stay. The debtor wishes to complete its project and sell out at finished rates to the Yeonas Company, a well known builder in the area. There would be little point to any delay in putting that plan in place. The creditors ought to know the deferred value of the Yeonas sale, calculated at various rates of interest over the life of the sale. Assuming that Olney Town Center Development Corporation makes an election under § 1111(b) of the Bankruptcy Code, precious little might be accomplished in a Chapter 11 filing.

---

1. *Cf.* Fortgang and Mayer, *Interest and Costs for the Secured Creditor in Bankruptcy*, 16–17, New

York University Bankruptcy Workshop Material (953–954) 1985.